But I will begin with the sufficiency of the evidence in this case. Let me make sure I understand some of the basic facts. Was there any Rule 29 motion filed at the end of all the evidence? None, Your Honor. Was there any Rule 29C motion filed after the verdict? None, Your Honor. Okay. So that therefore under our case law, you can obtain relief on sufficiency grounds only by a showing of clear and gross injustice. I understand, Your Honor. I was going to say... Okay. That's a pretty high barrier. I understand, Your Honor. And that's why I want to say that my client, Mr. Carlos Rodriguez, had a very unfair trial. And it was a miscarriage of justice, Your Honor. Because all of you have said already, and there was no motion for a new trial. There was also the defense counsel permitted two cooperating witnesses to testify against Mr. Carlos Rodriguez. And if you see the record, that was the main evidence against my client. And there was no petrochemical determination by the court. I know that the defense counsel did not object. And I know that the standard of a review of most of the issues, if not all of them, is a plain error. But still, Your Honor, even though let's assume that everything went okay, everything was all right with the trial, still there was no sufficient evidence against my client. He was charged of being a participant in a conspiracy, and still there was no evidence at all. Well, what do you mean no evidence? There was no direct evidence, but there's plenty of circumstantial evidence. Okay. There's evidence in the record that there were conversations with him about renting or acquiring a plane in the Dominican to ferry cocaine into the United States. There was evidence that he, in fact, acquired a plane. There was evidence that he flew that plane into Puerto Rico. There was evidence that at the time that plane contained two bags full of a substantial quantity of cocaine. Now, sure, there's no direct evidence that he looked in the bags and knew it was cocaine. But that's certainly enough evidence, considering the standard of review, for the jury to infer that he knew what was in those bags. You know, if this were a preserved claim, there's probably enough evidence. But certainly on an unpreserved claim? Well, yes, Your Honor, but still, if you read the record, the thing is that these two cooperating witnesses did mention that there were cocaine in the bags, that there's no evidence, as you have said, no direct evidence that my client saw what was in the bags. The only thing previously to this flight from Dominican Republic to Puerto Rico was another flight in which he allegedly carried money. That was the only evidence that he carried something on his plane. But my argument is that even taking everything into account, there's no evidence that he knew, and the government did not prove that he knew that there was drugs in the bags. Counsel, what about all the testimony about how he conducted himself at the airport in Arecibo? I mean, he seems very mindful of the fact that he doesn't want to be associated with those bags. He tells people to get the bags off the plane. The very use of the Arecibo Airport is highly suspicious for all the reasons set forth in the record. I mean, it seems your attempt to characterize this as a mere presence case, for all the reasons suggested by Judge Selya and some of the others I mentioned, just doesn't seem even close to being a fair reflection of the evidence in this case. This is far, far more than a mere presence case. Okay, Your Honor. The thing is that I've already stated that the only evidence that when he flew once before was that he took money. Let's put it this way. He was charged in a drug conspiracy, so the government has to prove that he knew that he was carrying drugs in those bags. Let's say that he didn't know what was in those bags. Let's say that it was money. It was money. He already did it once. So the government did not prove beyond a reasonable doubt that he was carrying drugs in those bags. He never looked into those bags. There was no evidence that he looked into those bags. There was no even direct evidence that he was told that there were drugs in those bags. Yes, there is no direct evidence, and that's so, but there's no need. Government doesn't have to produce direct evidence even on a preserved claim. There is circumstantial evidence and a great deal of it. Certainly with an unpreserved claim and clear and gross misjustice, what is a jury to think? That this fellow on a whim decided to take a joyride to a remote airport in Puerto Rico, get out of there as quickly as he could after dropping off a couple of bags of something, and that he didn't know that he was transporting drugs, and there's a clear and gross injustice in convicting him of doing it? Yes, Your Honor. That's what I'm thinking. Because inferences play a part. Well, the inference could go either way, Your Honor. The inference could go that he was carrying drugs or that he was carrying something else. If the inference could go either way, that's enough to avoid clear and gross injustice because the jury resolves conflicting inferences. Yes, but if the inference can go either way, I mean... That might be true on a preserved claim. Once again, Your Honor, I understand that he's upheld... What you've got here, counsel, if one takes what you say in your brief seriously, what you may have here is the basis for a claim of ineffective assistance of counsel. But that's not the claim that's being brought, and that's not a claim that's cognizable on direct review. I know that, Your Honor. But still, if you take into account all the errors that were made during the trial, and it's obvious from the record, there were a lot of errors. The defense counsel did not do an effective work in this case. It's obvious. Your first question to me, it's obvious. In every case, in every criminal case, every defense counsel, at least in this district, I have seen, and there have been quite a few trials already, I mean, you always do the Rule 29, either orally and afterwards written. I thought you just agreed with Judge Selya that we don't have an ineffective assistance of counsel claim in front of us. If we don't, why are you arguing it? Do you have anything else to say? I don't have anything else. Okay. Thank you, counsel. Thank you very much. Good morning, Your Honor. Assistant United States Attorney Jennifer Hernandez on behalf of the United States. Ms. Hernandez, I think it should be pretty evident to you that we all have a good understanding of the facts and the issues. So I'd appreciate it if you can find your remarks as something that could add to the dialogue if there is anything more to be said. Well, Your Honor, at this stage, we understand that the court is well aware that the United States met its burden at trial, and through both testimonial and documentary evidence established that this defendant beyond a reasonable doubt conspired with the others. As to the issues that were raised, I think they have no merit, and we made those arguments in our reply brief. We'd be delighted if you chose to rely on your brief. Your Honor, then we will rely on our brief. Thank you.